UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| THE EVANGELICAL GOOD SAMARITAN SOCIETY, AS AUTHORIZED REPRESENTATIVE OF HOWARD JOHNSON;<br><br>Plaintiff,<br><br>vs.<br><br>LYNNE VALENTI, IN HER OFFICIAL CAPACITY AS THE SECRETARY OF THE STATE OF SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES;<br><br>Defendant. | 4:14-CV-04174-VLD<br><br><br>ORDER FOR FURTHER BRIEFING |

This matter is pending before the court on the petition of the Evangelical Good Samaritan Society LLC doing business as Luther Manor (hereinafter "Good Samaritan"), as authorized representative of Howard Johnson. See Docket No. 1. Good Samaritan seeks a declaration as to defendant's obligation to provide Medicaid benefits to Mr. Johnson, a resident in Good Samaritan's long-term care facility. Id. Jurisdiction is premised upon the presence of a federal question pursuant to 28 U.S.C. § 1331, namely an interpretation of the Federal Medicaid Act, 42 U.S.C. § 1396a(a)(17)(B), and implementing regulations. Id. Defendants have moved to dismiss plaintiff's petition for lack

of subject matter jurisdiction. See Docket No. 19. All parties have consented to this court's handling of their case pursuant to 28 U.S.C. § 636(c)(1).

Good Samaritan's petition is based upon the premise that DSS denied Mr. Johnson benefits because it counted resources owned by his estranged wife, Geralda Johnson, against Mr. Johnson. Good Samaritan posits that federal law prohibits DSS from attributing to a Medicaid applicant resources that are unavailable to that applicant. Good Samaritan further asserts that Geralda's resources are unavailable to Mr. Johnson by virtue of a 1995 separation agreement signed by the two spouses.

In its reply brief, DSS asserted new facts in support of its motion to dismiss. DSS asserts that--without even considering Geralda's resources--the resources owned by Mr. Johnson in his own name as of April 1, 2014, were sufficient to render him financially ineligible for Medicaid benefits for long-term care. DSS asserts that South Dakota has established $2,000 as the upper limit of resources an individual may own and still qualify for Medicaid benefits for long-term care. DSS asserts that the administrative record on Mr. Johnson's denied application reveals as of April 1, 2014, he owned a CUNA Mutual Fund worth $3,440.43 and a 1998 Ford Escort motor vehicle worth $775. See Docket No. 29 at p. 3, n.1; Docket No. 29-1. On the same date, Mr. Johnson owned a US Bank checking account containing $1,431.55 in funds. Docket No. 29-1. Thus, DSS asserts the issue of whether it properly attributed Geralda's resources to Howard Johnson, and whether that decision

was in conflict with federal law, is a moot issue because Mr. Johnson's resources in his own name disqualified him from receiving benefits.

Because these new facts were articulated for the first time by DSS in its reply brief, Good Samaritan did not have the opportunity to respond to them. The court would find it helpful to have Good Samaritan's response to these newly-asserted facts. Accordingly, it is hereby

ORDERED that petitioner Good Samaritan shall file a brief within 14 days from the date of this order addressing these two issues:

1. Whether it disputes factually the above assertion by DSS regarding assets held in Howard Johnson's own name as of April 1, 2014. If Good Samaritan does dispute these facts, Good Samaritan is directed to submit whatever evidence it relies upon for its dispute of those facts.

2. Whether Good Samaritan agrees that Mr. Johnson was financially ineligible for long-term care Medicaid benefits due to resources held in his own name.

3. What effect the new facts and/or Mr. Johnson's eligibility for benefits may have on the various legal theories DSS has asserted in support of its motion to dismiss.

DATED this 25th day of March, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge